UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FARLEY JUNIOR MARTINS VIEIRA, <br><br> Petitioner, <br><br> v. <br><br> ANTONE MONIZ et al., <br><br> Respondents. | Civil No. 25-13641-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

December 5, 2025

SOROKIN, J.

Farley Junior Martins Vieira, a citizen of Brazil who is in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

Several years ago, Martins Vieira entered the United States without inspection. Doc. No. 1 ¶ 1. The Court infers from the record that he was stopped at or near the border by Customs and Border Protection officers but then released. See id. ¶¶ 1–2. He has resided in the United States ever since. Id. ¶¶ 1, 8. On November 24, 2025, Martins Vieira was arrested by Immigration and Customs Enforcement ("ICE") officers in Burlington, Massachusetts, when he complied with a directive to appear for a routine check-in at an ICE office. Id. ¶ 2.

On December 2, Martins Vieira instituted this action by filing a habeas petition that raises a core challenge echoing those alleged by petitioners in various other cases this Court has recently decided. Doc. No. 1; see, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16. In an abbreviated memorandum answering the petition, the

respondents "submit that the legal issues presented in the Petition are similar to those recently addressed by this Court" in Garcia and Encarnacion, and they acknowledge that the Court "would reach the same result here" if it "follow[ed] its reasoning" in those prior cases. Doc. No. 7 at 1. Though they "reserve all rights to appeal," they incorporate their earlier briefing and suggest no further argument is necessary before the Court renders a decision. Id. at 1 & n.3. Though the facts alleged in the petition are sparse, the respondents offer nothing to further illuminate Martins Vieira's immigration history.

The Court adheres to its prior reasoning—which aligns with that adopted by scores of judges nationwide in hundreds of cases to date—and concludes in light of the respondents' concession that Martins Vieira is not subject to mandatory detention under 8 U.S.C. § 1225(b). See Mem. Op. at 10 & n.22, App'x A, Barco Mercado v. Francis, No. 25-cv-6582-LAK (S.D.N.Y. Nov. 26, 2025), ECF No. 28. He is therefore entitled to a bond hearing.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Martins Vieira unless he is provided a bond hearing under 8 U.S.C. § 1226(a) **by December 11, 2025**;[1] 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition; and 3) the respondents shall file a status report no later than December 15, 2025, describing their compliance with this Order.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[1] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk. Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).